IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LEMORRIS MONTAE MCCOLLUM, )<br>        Petitioner, )<br>        )<br>     v.         )<br>        )<br>UNITED STATES OF AMERICA, )<br>        )<br>        Respondent. ) | 1:17CR155<br>1:21CV315 |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion") (Docket Entry 39), as well as the Government's Motion to Dismiss and Response (Docket Entry 46).[1] For the reasons that follow, the Court should deny the Section 2255 Motion and should deny the Motion to Dismiss as moot.

INTRODUCTION

This Court (per United States District Judge William L. Osteen, Jr.) entered a Judgment against Petitioner imposing, inter alia, a prison term of 60 months followed by a supervised release term of three years, upon his guilty plea to possessing ammunition as a felon (with an offense date of June 14, 2016), in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket Entry 28 at 1-3; <u>see also</u> Docket Entry 1 (Indictment); Docket Entry 11 (Plea Agt.);

---

[1] Parenthetical citations refer to Petitioner's above-referenced criminal case.

Docket Entry 12 (Factual Basis); Docket Entry 30 (Sent'g Hrg. Tr., Vol. I); Docket Entry 31 (Sent'g Hrg. Tr., Vol. II); Docket Entry 45 (Plea Hrg. Tr.).) Petitioner did not appeal (see Docket Entry 39, ¶ 8), but did later file the Section 2255 Motion, raising one ground for relief, i.e., a claim attacking his guilty plea based on Rehaif v. United States, 588 U.S. ___, 139 S. Ct. 2191 (2019) (see Docket Entry 39, ¶ 12).

On June 21, 2021, the United States filed and served on Petitioner a Motion to Dismiss and Response (see Docket Entry 46 at 31), contending as follows: "The Court should dismiss [the Section] 2255 [M]otion as untimely. To the extent the Court reaches the merits of his *Rehaif* claim, [Petitioner] procedurally defaulted it. Even if not procedurally defaulted, [Petitioner] has not made the required showing [for] relief . . . . [The Section 2255 M]otion should be denied." (Id. at 30.)

Via letter dated June 22, 2021, the Clerk notified Petitioner of his "right to file a 20-page response in opposition to th[at M]otion [to Dismiss and Response]" (Docket Entry 47 at 1) and warned him that "failure to respond or, if appropriate, to file counter affidavits or evidence in rebuttal within the allowed time may cause the [C]ourt to conclude that the [Motion to Dismiss and Response's] contentions are undisputed" (id.; see also id. ("[U]nless you file a response in opposition to the [ M]otion [to Dismiss and Response], it is likely your case will be dismissed or

2

summary judgment will be granted in favor of the [United States]. Any response or counter affidavits or other responsive material . . . must be filed within 21 days from the date of service of the [M]otion [to Dismiss and Response] upon you.")). Petitioner did not file a response/reply to the Motion to Dismiss and Response. (See Docket Entries dated June 22, 2021, to present.)[2]

---

[2] As to the timeliness issue raised by the United States (see Docket Entry 46 at 7-10), because the Court would have to consider whether Petitioner's Rehaif-based assertions established actual innocence and thus warranted equitable tolling, see McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (recognizing that "actual innocence, if proved, serves as a gateway through which a petitioner may pass . . . [after] expiration of the statute of limitations"), and that same actual innocence issue arises in the procedural default analysis (as detailed in the discussion that follows above), the Court should treat the request by the United States for dismissal of Petitioner's Rehaif claim(s) due to untimeliness as subsumed by the procedural default inquiry and therefore moot. The Court also may note that "[Petitioner's] projected release date is October 3, 2023." (Docket Entry 48 at 2.) Because Petitioner remained imprisoned when he filed the Section 2255 Motion, he satisfied the "in custody" requirement of Section 2255. See United States v. Bryson, 981 F.2d 720, 726 (4th Cir. 1992) ("Whether an individual is in custody for § 2255 purposes is determined at the time the habeas action is filed."). Nor will the Section 2255 Motion's collateral attack on Petitioner's conviction become moot upon his release, particularly given his remaining supervised release term. See id. (holding that, when "[the petitioner] attacks the validity of the conviction through his § 2255 motion, expiration of his sentence does not moot the action," unless "there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction" (internal quotation marks omitted)); see also United States v. Ketter, 908 F.3d 61, 66 (4th Cir. 2018) ("Although the underlying prison sentence has been served, a case is not moot when an associated term of supervised release is ongoing, because on remand a district court could grant relief to the prevailing party in the form of a shorter period of supervised release." (emphasis omitted)). Finally, Petitioner bears the responsibility of keeping the Court updated as to his address. See M.D.N.C. LR 11.1(b); see
(continued...)

DISCUSSION

In Rehaif, the United States Supreme Court ruled that, in prosecutions under Sections 922(g) and 924(a)(2), the United States "must prove not only that the defendant knew he possessed a firearm [or ammunition], but also that he knew he was a felon when he possessed the firearm [or ammunition]." Greer v. United States, 593 U.S. ___, ___, 141 S. Ct. 2090, 2095 (2021) (emphasis omitted) (citing Rehaif, 588 U.S. at ___, 139 S. Ct. at 2199-2200). Petitioner's (pre-Rehaif) Indictment and plea colloquy did not identify knowledge of his prior felony conviction(s) as an element of the charged Section 922(g)(1) offense. (See Docket Entry 1 at 1; Docket Entry 45 at 22.) Nonetheless, where – as here, as the United States has pointed out (see Docket Entry 46 at 12) – a defendant fails to challenge the validity of his or her guilty plea on direct appeal, the doctrine of procedural default will bar a collateral attack on that plea. See Bousley v. United States, 523 U.S. 614, 621 (1998) (holding that "voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"); see also United States v. Timmreck, 441 U.S. 780, 784 (1979) (observing that "the concern with finality

---

[2](...continued)
also M.D.N.C. LCrR 57.1 (incorporating LR 11.1). Any failure of Petitioner to meet that responsibility which results in his failure to receive a copy of this Recommendation and a notice of his right to object need not prevent a final ruling after the objection period. See, e.g., United States v. Weeks, Crim. No. 10-21, 2014 WL 12607739, at *1 (E.D. Ky. July 7, 2014) (unpublished).

served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas" (internal footnote omitted)). "A procedural default . . . may be excused in two circumstances: where a person attacking his conviction can establish (1) that he is 'actually innocent' or (2) 'cause' for the default and 'prejudice' resulting therefrom." United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012) (quoting Bousley, 523 U.S. at 622). Again as the United States has argued (see Docket Entry 46 at 12-24), Petitioner cannot establish such circumstances.

To begin, Petitioner may not rely, as cause for his default, on the alleged futility, at the time of his direct appeal, of the argument only later adopted in Rehaif. "[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim," Reed v. Ross, 468 U.S. 1, 16 (1984) (emphasis added); however, "[w]here the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the demands of . . . finality counsel against labeling alleged unawareness of the objection as cause for a procedural default," Engle v. Isaac, 456 U.S. 107, 134 (1982) (internal footnote omitted). In Bousley, the Supreme Court further explained the meaning of the phrase "reasonably available" and the concept of "futility" in the procedural default context:

> [The petitioner] argues that the legal basis for his claim was not reasonably available to counsel at the time

5

> his plea was entered. This argument is without merit. While we have held that a claim that "is so novel that its legal basis is not reasonably available to counsel" may constitute cause for a procedural default, Reed[], 468 U.S. [at] 16[], [the] petitioner's claim does not qualify as such. The argument that it was error for the [d]istrict [c]ourt to misinform [the] petitioner as to the statutory elements of [the offense to which he entered a plea] was most surely not a novel one. Indeed, at the time of [the] petitioner's plea, the Federal Reporters were replete with cases involving challenges [of the sort he proposes]. [The p]etitioner also contends that his default should be excused because . . . any attempt to attack [his] guilty plea would have been futile. This argument, too, is unavailing. As we clearly stated in Engle[], "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." [Engle, 456 U.S.] at 130[] n.35[]. Therefore, [the] petitioner is unable to establish cause for his default.

Bousley, 523 U.S. at 622–23 (certain quotation marks, some internal citations, and footnote omitted).

Courts around the nation (including in the Fourth Circuit) have applied Bousley to conclude that a petitioner's Rehaif-based "knowledge of status" argument does not qualify as "novel" and thus does not establish "cause" excusing default, as exemplified here:

> [The petitioner]'s claim is virtually identical to Bousley, in that numerous courts have opined on the "knowledge of status" argument [the petitioner] asserts here prior to Rehaif. In fact, "knowledge of status" arguments have been a consistent feature of statutory interpretation cases since at least the 1950's. In other words, [the petitioner]'s claim is hardly novel, either generally or in its particular application to the statute under which he was convicted. Thus, [the petitioner]'s claim does not overcome procedural default based upon cause and prejudice, because he cannot show that his knowledge of status argument is sufficiently novel.

6

Gray v. United States, No. 3:19C607, 2020 WL 127646, at \*3 (M.D. Tenn. Jan. 10, 2020) (unpublished) (internal citations omitted); accord, e.g., Wilson v. United States, Nos. 1:14CR482, 1:19CV909, 2022 WL 4227368, at \*2-3 (M.D.N.C. May 25, 2022) (unpublished), recommendation adopted, 2022 WL 4221338 (M.D.N.C. Sept. 13, 2022) (unpublished) (Osteen, J.); Chiles v. United States, Nos. 1:18CR7, 1:20CV80, 2021 WL 6010347, at \*4-5 (N.D.W. Va. Dec. 20, 2021) (unpublished), appeal dismissed, No. 22-6113, 2022 WL 2387070 (4th Cir. July 1, 2022) (unpublished); United States v. Asmer, Crim. No. 3:16-423, 2020 WL 6827829, at \*5-7 (D.S.C. Nov. 20, 2020) (unpublished), appeal dismissed, No. 21-6064 (4th Cir. Sept. 29, 2021) (slip op.); Wilson v. United States, Nos. 3:14CR254, 3:19CV280, 2020 WL 4950930, at \*8 (W.D.N.C. Aug. 24, 2020) (unpublished), appeal dismissed, No. 20-7436, 2020 WL 9148121 (4th Cir. Nov. 30, 2020) (unpublished); see also Cruickshank v. United States, 505 F. Supp. 3d 1127, 1133 (W.D. Wash. 2020) (citing Gray and United States v. Vasquez-Ahumada, No. 5:18CR5, 2020 WL 3213397, at \*2 (W.D. Va. June 15, 2020) (unpublished), as well as rulings from courts in five other Circuits, in holding "that *Rehaif* did not create a . . . novel rule that would support a finding of cause"), appeal dismissed, No. 20-36061, 2021 WL 5851076 (9th Cir. July 2, 2021) (unpublished); but see, e.g., United States v. Dempster, Crim. No. 14-24, Civ. No. 20-1424, 2022 WL 486791, at \*3 (D. Md.

7

Feb. 17, 2022) (unpublished) (finding cause for default of Rehaif claim, but denying relief for want of proof of actual prejudice).[3]

Nor could Petitioner carry his burden of showing actual prejudice[4] or actual innocence to bypass the procedural bar, as the record contains powerful proof that he knew his felon status at the time he possessed ammunition (as charged in the Indictment). As an initial matter, the Factual Basis supporting Petitioner's guilty plea recites: "[Petitioner] was convicted, in Guilford County Superior Court, of larceny of a motor vehicle on July 12, 2013. He was sentenced to a term of imprisonment of 8-19 months." (Docket Entry 12 at 3-4; see also Docket Entry 16 ("PSR"),

---

[3] Conversely, any failure by Petitioner's counsel to anticipate Rehaif's abrogation of the Fourth Circuit's (longstanding) contrary holding in United States v. Langley, 62 F.3d 602, 604-08 (4th Cir. 1995), "does not constitute deficient performance under *Strickland*," United States v. Hilliard, No. 3:17CR44, 2021 WL 2369400, at *7 n.13 (E.D. Va. June 9, 2021) (unpublished), appeal dismissed, No. 21-7035, 2021 WL 6116852 (4th Cir. Dec. 27, 2021) (unpublished), and thus "cannot serve as the cause [excusing] the default of [Petitioner's] *Rehaif* claim," id.; accord, e.g., Wilson, 2022 WL 4227368, at *3 n.3; Coble v. United States, Nos. 1:18CR203, 1:19CV1146, 2021 WL 5810454, at *7 (M.D.N.C. Dec. 7, 2021) (unpublished) (Eagles, J.); Morgan v. United States, Nos. 1:14CR194 & 414, 1:20CV965, 2021 WL 6427676, at *4 (M.D.N.C. Nov. 10, 2021) (unpublished) (Webster, M.J.), recommendation adopted, 2022 WL 112189 (M.D.N.C. Jan. 12, 2022) (unpublished) (Schroeder, C.J.), appeal dismissed, Nos. 22-6947, 22-6948, 2023 WL 3172181 (4th Cir. May 1, 2023) (unpublished).

[4] For reasons detailed above, Petitioner cannot meet the "cause" prong of the "cause and actual prejudice" exception. "Accordingly, the [C]ourt need not proceed to analyze the [actual] prejudice prong . . . . However, for the sake of thoroughness, th[is Recommendation] will proceed to consider whether, assuming arguendo [he] demonstrated cause, he can demonstrate . . . actual prejudice." Asmer, 2020 WL 6827829, at *7 (emphasis omitted).

8

¶ 30 (documenting convictions on July 12, 2013, for "Felony Attempted Larceny" and "Felony Larceny of a Motor Vehicle" with sentence of "8 to 19 months imprisonment, suspended").) In addition, during his sentencing hearing, Petitioner stated: "I know what I did was wrong, and I take responsibility for everything, and that's all." (Docket Entry 31 at 23.) That statement undercuts any contention that, at the time of the offense charged in the Indictment, Petitioner honestly believed he did not qualify as a felon and therefore lawfully could possess ammunition.

Given the foregoing (still undisputed) record material, "any [Rehaif] error during [Petitioner's proceeding] could not have affected [his] substantial rights, [and therefore he] cannot show actual prejudice excusing his procedural default," United States v. Bowman, 267 F. App'x 296, 300 (4th Cir. 2008); see also Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) ("To show actual prejudice, [a petitioner] must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986))). These well-chosen words borrowed from a fellow court within the Fourth Circuit faced with a similar Rehaif claim illuminate the path to that conclusion:

> As the Supreme Court recently observed in *Greer* in the materially analogous situation of determining whether a defendant asserting *Rehaif* error could satisfy the substantial-rights prong of the plain-error test:

9

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms [or ammunition], the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets. That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a reasonable probability that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.

*Greer*, [593 U.S. at ___,] 141 S. Ct. at 2097.

. . . .

Although the [C]ourt could correctly end its actual prejudice analysis [t]here, the [C]ourt [also may take] note[ of] the undisputed evidence in the habeas record powerfully illustrat[ing] the lack of actual prejudice flowing from the *Rehaif* error in [Petitioner's] case, for it ably demonstrates: (1) the Government could have presented a strong case at trial against [Petitioner] on the missing *Rehaif* element for which he had no viable defense; and (2) pleading guilty offered [Petitioner] a better outcome than he most assuredly would have achieved had he gone to trial. The Government's obligation to prove a defendant's knowledge of his felony status is not burdensome, as "knowledge can be inferred from circumstantial evidence." *Rehaif*, [588 U.S. at ___,] 139 S. Ct. at 2198. The Government most assuredly would have put before the jury undisputed evidence regarding [Petitioner's prior felony] conviction[] . . . . Had the Government put this evidence before a jury on the missing *Rehaif* element, for which [Petitioner] had no viable defense, the jury in all reasonable likelihood would have

10

> found, on [the date he possessed ammunition], [he] knew he had been previously convicted of at least one crime punishable by a term of imprisonment exceeding one year. *See Greer*, [593 U.S. at \_\_\_,] 141 S. Ct. at 2097-98 (defendants' prior multiple felony convictions constituted "substantial evidence that they knew they were felons" at time they possessed firearms as alleged in federal indictments for felon-in-possession offenses).

United States v. Sumter, No. 3:02CR499, 2021 WL 3173176, at *10-11 (D.S.C. July 27, 2021) (unpublished) (emphasis, some internal citations, some parentheticals, and some quotation marks omitted) (scrivener error in quotation from Greer corrected); see also United States v. Price, 828 F. App'x 573, 578 (11th Cir. 2020) ("[E]vidence in the record indicates that [the defendant] had prior knowledge of his status as a felon. During the plea colloquy, [he] admitted that he had been convicted of a felony before possessing the firearm. Then, at sentencing, he stated that he 'accepted full responsibility for possessing a firearm' and that 'he knew better than to carry a firearm.' Those comments reflect an admission that he knew he was prohibited from possessing a firearm at the time he possessed it . . . ." (internal brackets omitted)); Poole v. United States, Nos. 1:97CR221, 1:20CV321, 2021 WL 7367041, at *2 (M.D.N.C. Nov. 19, 2021) (unpublished) (Peake, M.J.) ("[The p]etitioner had previously been convicted of possession with intent to sell and deliver marijuana, and been sentenced to two years of imprisonment (suspended) . . . . Clearly, [the p]etitioner would have known of this conviction at the time he possessed the firearm and the Government would have had absolutely no difficulty alleging or

11

proving this fact. [The p]etitioner does not point to any evidence he could have presented to show that he did not know he was a felon. Therefore, he cannot show any probability, much less a reasonable probability, of a different result in his case had the knowledge element discussed in Rehaif been charged and instructed upon in his case."), recommendation adopted, 2022 WL 686271 (M.D.N.C. Mar. 8, 2022) (unpublished) (Tilley, S.J.); United States v. Crawley, No. 4:15CR1, 2021 WL 2910724, at *2-3 (W.D. Va. July 12, 2021) (unpublished) ("Although *Greer* articulated the threshold to show prejudice for [a] *Rehaif* error in a direct appeal under the plain-error standard, the framework is nonetheless instructive in the habeas context where [a petitioner] alleges the same error. In fact, the *actual prejudice* standard for collateral attacks is a 'significantly higher hurdle than would exist on direct appeal.' . . . [P]revious felony convictions are substantially probative to prove this [knowledge-of-status] element because a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon. Without evidence that [the petitioner] was unaware of his status, he has failed to demonstrate the [ability to meet] the actual prejudice standard. Nor has [the petitioner] shown that he would have elected to go to trial if he was informed the government would have to prove that he knew his status. Indeed, [the petitioner] would likely still have pleaded guilty given the substantial evidence to prove that element." (italics in

12

original) (internal citations and some quotation marks omitted) (quoting United States v. Frady, 456 U.S. 152, 166 (1982))).[5]

Finally, "[t]o establish actual innocence, [P]etitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted); see also id. ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency."); United States v. MacDonald, 911 F.3d 723, 798 (4th Cir. 2018) ("[The petitioner] face[s] a daunting burden in establishing his eligibility for relief because of his actual innocence . . . ." (internal quotation marks omitted)). "[A]s previously explained, the record forecloses any plausible argument [Petitioner] did not know he was a felon at the time he possessed the firearm as alleged in [the Indictment]. For these reasons, [he cannot] carry his burden of demonstrating he is actually innocent [and] . . . his procedural default remains unexcused." Sumter, 2021 WL 3173176, at *11 (internal citation omitted).

In sum:

> [B]ased on the holding in Greer and the fact that it is clear that [Petitioner] understood that he had been convicted of a crime punishable by imprisonment for a

---

[5] Notably, the Section 2255 Motion "does not assert [even now] that [Petitioner] was unaware of his qualifying status," Price, 828 F. App'x at 578, and/or that he would have opted against pleading guilty (and instead would have proceeded to trial), if he had received proper instruction on the mens rea element under Section 922(g)(1) (or that he would do so if the Court vacated his conviction). (See Docket Entry 39, ¶ 12.)

13

Case 1:17-cr-00155-WO   Document 50   Filed 09/29/23   Page 13 of 14

term exceeding one year, the [C]ourt [should] find[] that [he] could not make a showing that he would not have pled guilty to being a felon in possession [of ammunition] if he had known that the government had to prove that he was aware of his status. Nor, based on the same facts, could he show that he is actually innocent of the offense of being a felon in possession of [ammunition]. For these reasons, the [C]ourt [should] find[] that [Petitioner can]not overcome the procedural default in his case and is not entitled to relief under Rehaif.

United States v. Pennington, No. 5:14CR30, 2021 WL 3375722, at *5 (W.D. Va. Aug. 3, 2021) (unpublished).[6]

## CONCLUSION

For all of the foregoing reasons, Petitioner's Rehaif claim fails as a matter of law.

**IT IS THEREFORE RECOMMENDED** that the Section 2255 Motion (Docket Entry 39) be denied without issuance of a certificate of appealability and that the Motion to Dismiss (Docket Entry 46) be denied as moot.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

September 29, 2023

---

[6] Alternatively, "[e]ven if Petitioner's Rehaif challenge was procedurally proper, such claim fails on the merits for largely the same reasons discussed above, with the record revealing that [any plea-hearing] error was harmless." Cameron v. United States, Nos. 2:18CR8, 2:19CV691, 2021 WL 4034082, at *5 n.4 (E.D. Va. Sept. 3, 2021) (unpublished); accord, e.g., Perrin v. United States, Nos. 1:11CR318, 1:21CV26, 2021 WL 6206349, at *5 (M.D.N.C. Oct. 29, 2021) (unpublished) (Webster, M.J.), recommendation adopted, 2022 WL 19644 (M.D.N.C. Jan. 3, 2022) (unpublished) (Schroeder, C.J.).

14